# IN THE COURT OF APPEALS OF IOWA

No. 15-1235
Filed August 17, 2016

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**JONAS DORIAN NEIDERBACH,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Polk County, Douglas F. Staskal, Judge.

Jonas Neiderbach appeals the district court's order on remand denying him inspection of his co-defendant's medical and mental health records. **AFFIRMED.**

Gary Dickey of Dickey & Campbell Law Firm, P.L.C., Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee.

Considered by Vogel, P.J., and Doyle and Bower, JJ.

**BOWER, Judge.**

Jonas Neiderbach appeals the district court's order on remand denying him inspection of his co-defendant's medical and mental health records. He claims he is entitled to a new trial because the records showed his co-defendant suffered depression and anxiety while she was in jail and the records were exculpatory and material to his defense. He also claims the *in camera* process used by the district court violated his due process and confrontation clause rights. We affirm the district court.

This is the second appeal arising from the proceedings initiated after Neiderbach and his co-defendant, Jherica Richardson, were arrested in 2009 for eight counts of child endangerment. The facts surrounding Neiderbach's arrest and conviction are set forth in the Iowa Supreme Court's opinion, *State v. Neiderbach*, 837 N.W.2d 180, 187–88 (Iowa 2013) (*Neiderbach I*). We find it unnecessary to repeat the background facts herein.

In *Neiderbach I*, and relevant to this appeal, Neiderbach claimed the district court erred in failing to conduct an *in camera* inspection of Richardson's medical records. Our supreme court agreed and found the district court should have conducted an *in camera* inspection of Richardson's mental health records, reasoning:

> The district court denied his motion in part because it found Jonas failed to show that "the information is not available from any other source," as required under the statute. Iowa Code § 622.10(4)(a)(2)(a) [(2009)]. Specifically, the district court found Jonas failed to meet this requirement because he failed to depose Jherica. Under the circumstances of this case, we disagree that his failure to depose Jherica was fatal to his motion to obtain her mental health records. Jherica may have made admissions to a mental health counselor that she would forget or deny in an

adversarial interrogation. Statements memorialized by a neutral therapist would likely be more credible than Jherica's self-serving assertions as a hostile witness. Indeed, noted commentators have recognized that "[e]ven the taking of a deposition from a hostile witness may not provide the substantial equivalent of the information the witness has given to a party to whom he or she is not hostile." Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, 8 *Federal Practice and Procedure* § 2025, at 544 & n.23 (3d ed. 2010) (citing Fed. R. Civ. P. 26(b)(3) advisory committee's note). Her records may very well have enabled defense counsel to more effectively cross-examine her at trial or assisted counsel's preparation for her deposition.

Accordingly, we reverse the district court's ruling denying Jonas's motion for an *in camera* review of Jherica's mental health records and remand the case for the district court to conduct that review pursuant to section 622.10(4)(a)(2). If the district court finds no exculpatory evidence on that review, Jonas's remaining convictions shall remain affirmed. If exculpatory evidence is found, the district court shall proceed as directed in section 622.10(4)*(a)*(2)(c) and (d) and determine whether Jonas is entitled to a new trial.

*Neiderbach I*, 837 N.W.2d at 197–98.

On remand, the district court followed the Iowa Supreme Court's instruction and conducted an *in camera* inspection of Jherica's mental health records. The court made the following conclusions:

1. There is no evidence in the records that Richardson suffered at the time of the crimes from any mental illness.

2. There is no evidence in the records that Richardson suffered at any time from a mental illness that affected her ability to perceive, her ability to remember, her ability to narrate, or her credibility in general. This is true unless having a mental health diagnosis is, in and of itself with nothing more, to be regarded as probative of a person's ability to perceive, remember, narrate or of her credibility in general. The records establish exactly what the defendant's offer of proof during cross-examination of Richardson established—that she suffered depression and anxiety while jailed and took medication for those conditions. Thus, if the evidence revealed in the offer of proof was exculpatory, then there is exculpatory evidence in the records. However, even if regarded as exculpatory, the presentation of that evidence would not "probably have changed the outcome of the trial."

3. There is no evidence in the records of statements made by Richardson that inculpate her or which exculpate the defendant or that are inconsistent with testimony or statements she gave or made.

The district court affirmed Neiderbach's convictions. Neiderbach now appeals.

"Discovery rulings challenged on constitutional grounds are reviewed de novo. Nonconstitutional challenges to discovery rulings are reviewed for abuse of discretion." *State v. Thompson*, 836 N.W.2d 470, 476 (Iowa 2013).

Upon our de novo review, we find the district court properly implemented the Iowa Supreme Court's mandate in *Neiderbach I* by applying Iowa Code section 622.10 on remand. We affirm the district court's ruling following its *in camera* review of the mental health records.

Concerning Neiderbach's claim on the constitutionality of the district court's *in camera* review, we find the ruling in *Thompson*, 836 N.W.2d at 486–90, is clearly dispositive of this claim.[1]

We affirm the district court's ruling without further opinion pursuant to Iowa Court Rule 21.26(1)(c) and (e).

**AFFIRMED.**

---

[1] In *Thompson* the Iowa Supreme Court found the *in camera* review process described in section 622.10(4)(a)(2)(b) was constitutional. 836 N.W.2d at 486.